■ R.J. HYLAND, INC., Doing Business as BOB HYLAND'S SPORTS PAGE, Respondent, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants.—In an action for a judgment declaring that the defendant Greater New York Mutual Insurance Company is obligated under an insurance policy issued to the plaintiff to defend and indemnify the plaintiff in an underlying tort action entitled "O'Gorman v R.J. Hyland, Inc., d/b/a Bob Hyland's Sport Page", presently pending in the Supreme Court, Westchester County, under Index No. 23156/87, the Greater New York Mutual Insurance Company appeals from an order of the Supreme Court, Westchester County (Gagliardi, J.H.O.), dated April 10, 1990, which, *inter alia,* declared that it is obligated to defend the plaintiff in the underlying tort action.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The underlying tort action was commenced by John O'Gorman against R.J. Hyland, Inc., d/b/a Bob Hyland's Sports Page (hereinafter Hyland) and another defendant to recover damages for personal injuries that he sustained during an altercation which occurred on August 22, 1987, at Hyland's restaurant.

The first cause of action asserted in the underlying tort action alleged that Hyland was statutorily liable pursuant to General Obligations Law § 11-101 (known as the Dram Shop Act), and the second cause of action sounded in common law negligence. Hyland's insurer for liquor liability claims was

Frontier Insurance Company (hereinafter Frontier) and its premises liability insurer was the Greater New York Mutual Insurance Company (hereinafter GNY).

Frontier assumed the initial phase of the defense of the underlying tort action but GNY subsequently disclaimed coverage based on the liquor liability exclusion in its policy and Hyland's alleged failure to timely notify it of the incident and the underlying tort action.

Hyland then commenced an action against GNY seeking a judgment declaring that GNY had the duty to defend and indemnify it on the underlying common law negligence claim. The Supreme Court, *inter alia,* made the declaration, and the instant appeal by GNY ensued.

Upon the oral argument of the instant appeal, the parties advised this court that the underlying tort action had been settled, and that both Frontier and GNY had contributed to the settlement. Consequently, the appeal has been rendered academic. The issue raised by Hyland at oral argument concerning the $10,000 deductible clause in Frontier's policy is not properly before this court. Mangano, P. J., Bracken, Rosenblatt and Lawrence, JJ., concur.